IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01360-BNB

CARL HASKELL,

    Applicant,

v.

CHARLES A. DANIELS, Warden,

    Respondent.

## ORDER OF DISMISSAL

    Applicant, Carl Haskell, is a prisoner in the custody of the United States Bureau of Prisons.  Mr. Haskell was incarcerated at the United States Penitentiary in Florence, Colorado, when he initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) challenging the validity of his conviction and sentence.  On June 25, 2012, Mr. Haskell filed a notice of change of address (ECF No. 4) indicating that he has been transferred to the United States Penitentiary at Beaumont, Texas.

    On July 10, 2012, Magistrate Judge Boyd N. Boland entered an order directing Mr. Haskell to show cause why this action should not be dismissed because he has an adequate and effective remedy for his claims pursuant to 28 U.S.C. § 2255 in the sentencing court.  On August 13, 2012, Mr. Haskell filed a document titled "Motion to Show Cause" (ECF No. 9) in response to Magistrate Judge Boland's order to show cause.

The Court must construe the application and other papers filed by Mr. Haskell liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

Mr. Haskell was convicted following a jury trial in the United States District Court for the Western District of Missouri of conspiracy to murder a federal witness and murdering a federal witness. The judgment of conviction was affirmed on direct appeal. *See United States v. Haskell*, 468 F.3d 1064 (8th Cir. 2006), *cert. denied*, 550 U.S. 965 (2007). In 2008, Mr. Haskell filed in the trial court a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his conviction. The § 2255 motion was denied on March 30, 2009. *See Haskell v. United States*, No. 08-0377-CV-W-FJG, 2009 WL 877681 (W.D. Mo. Mar. 30, 2009).

Mr. Haskell asserts three claims for relief in the habeas corpus application. He first claims that his conviction for murdering a federal witness in violation of 18 U.S.C. § 1512(a)(1) must be vacated in light of the United States Supreme Court's decision in *Fowler v. United States*, 131 S. Ct. 2045 (2011), because the government failed to prove that he knew the victim was a government witness. Mr. Haskell contends in his second claim that his conviction for conspiracy must be vacated in light of the Supreme Court's decision in *Richardson v. United States*, 526 U.S. 813 (1999), because the jury did not return a unanimous verdict regarding the specific overt act that supported the conspiracy conviction. Mr. Haskell finally claims that he is actually innocent because there was insufficient evidence to convict him of either charged offense.

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention and must be filed in the district that imposed the sentence." *Id.* (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). A habeas corpus petition pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). Instead, "[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson*, 347 F.2d at 366; *see* 28 U.S.C. § 2255(e). It is Mr. Haskell's burden to demonstrate that the remedy available pursuant to § 2255 in the sentencing court is inadequate or ineffective. *See Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011).

Mr. Haskell contends that the remedy available to him pursuant to § 2255 in the sentencing court is inadequate or ineffective. However, "[o]nly in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the sentence imposed." *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010); *see also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (noting that the remedy available pursuant

to § 2255 is inadequate or ineffective only in "extremely limited circumstances"). The test for determining whether the remedy provided in the sentencing court pursuant to § 2255 is inadequate or ineffective is whether Mr. Haskell's claims could have been raised in an initial § 2255 motion. *See Prost*, 626 F.3d at 584. "If the answer is yes, then the petitioner may not resort to the savings clause [in § 2255(e)] and § 2241." *Id.*

Mr. Haskell's first claim in the application is premised on the Supreme Court's statutory interpretation of 18 U.S.C. § 1512(a)(1)(C) in *Fowler*. He specifically argues in his response to Magistrate Judge Boland's show cause order that the remedy available in the sentencing court pursuant to § 2255 is inadequate or ineffective to present his *Fowler* claim because he previously filed a § 2255 motion and the limits on filing a second or successive § 2255 motion in § 2255(h) prevent him from raising his *Fowler* claim, which he contends demonstrates he is actually innocent, in a second or successive § 2255 motion. This argument is foreclosed by *Prost*, which "held that the fact that § 2255 bars a defendant from bringing a statutory interpretation argument in a second § 2255 motion does not render § 2255 an ineffective or inadequate remedy." *United States v. Brace*, 634 F.3d 1167, 1170 (10th Cir. 2011) (discussing *Prost*).

As Magistrate Judge Boland noted, Mr. Haskell's other two claims in the application present arguments that could have been raised at trial or on direct appeal. Mr. Haskell apparently concedes that point, but he contends that the remedy available pursuant to § 2255 is inadequate or ineffective because he is actually innocent and he "is not aware of any law that prohibits a person from raising an actual innocence claim without newly discovered evidence or new change in law." (ECF No. 9 at 3.) This argument does not demonstrate that Mr. Haskell's initial § 2255 motion was inadequate

or ineffective in any way, and that is the only relevant question.  *See Prost*, 636 F.3d at 584.

For these reasons, the Court finds that Mr. Haskell fails to demonstrate the remedy available to him in the sentencing court pursuant to 28 U.S.C. § 2255 is inadequate or ineffective.  As a result, the instant action will be dismissed.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed because Applicant fails to demonstrate that the remedy available to him in the sentencing court is inadequate or ineffective.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  21st  day of    August   , 2012.

BY THE COURT:

   s/Lewis T. Babcock   
LEWIS T. BABCOCK, Senior Judge
United States District Court